## Thomas Edwards *vs.* George W. Ela.

One who has been appointed administrator of the estate of his deceased wife, prior to the
discovery of her last will, and under the supposition that no will existed, is not entitled
to charge in his account of administration, after her will has been established, the expenses
of opposing the probate thereof. But he may be allowed for expenses incurred in good
faith, during his administration, before the establishment of the will, in procuring ancil-
lary administration to be taken out in another state, for the collection of debts due to
the estate of the deceased therein, and in indemnifying the administrator so appointed for
his expenses in collecting such debts; and also for services performed and expenses incur-
red in good faith, with the knowledge of and without objection from the heirs at law, in
securing the growing fruits and crops, and taking care of the stock, upon her farm, for
which he has duly charged himself in his account.

Appeal by the executor of the will of Susan S. Edwards,
from the decree of the judge of probate, allowing the account of
Thomas Edwards, as administrator of her estate.

At the hearing, before *Merrick*, J., it appeared that after the
death of Susan, Thomas, who was her husband, was duly ap-
pointed administrator of her estate. No will had at that time
been found, or was known by him to be in existence. On the
next day a will was found, and delivered to him, and he imme-
diately gave notice thereof to the persons therein named as ex-
ecutors, of whom George W. Ela, who was also an heir at law,
was one. This will was disallowed in the probate court, but on
appeal was established in this court, and Ela filed his bond and

was confirmed as executor thereof. Thomas Edwards thereupon filed his account of administration, which was allowed by the judge of probate. This account included expenses incurred in opposing the probate of the will; in procuring ancillary administration to be taken out in the state of New Hampshire, and for proceedings under the same; and charges for services and expenses in securing the growing fruits and crops, and taking care of the stock upon her farm. The ancillary administration was instituted after the disallowance of the will in the probate court, by advice of counsel that it was necessary for such proceedings to be had, in order to recover debts due to her estate from persons residing in New Hampshire; and suits were accordingly commenced for this purpose by the administrator there appointed. To accomplish this, it became necessary that Thomas Edwards should furnish security for the payment of the costs and expenses in New Hampshire, which he accordingly did, and the charges in the account respecting the ancillary administration were for the expenses thus incurred. Thomas Edwards, after the death of his wife, continued to occupy her farm upon which they had lived, and performed services and employed and paid workmen, in order to secure the growing fruits and crops, and to take care of the stock, upon the farm. This was done with the knowledge of Ela, and of others of her heirs at law, and without objection from any of them. For all of the fruits and crops so secured by him he duly and fully accounted; and he claimed allowance in various items for these services and expenses.

It appeared to the judge that, in reference to all of the items objected to, Thomas Edwards intended to act, and, so far as he was authorized to do so, did act in his official capacity, as administrator; and he ordered the decree of the judge of probate, allowing the account, to be affirmed, and reported the case for the determination of the whole court.

*F. H. Dewey*, for the appellant, cited *Dietrich's appeal*, 2 Watts, 332; *Mumper's appeal*, 3 Watts & S. 443; *Brinton's estate*, 10 Barr, 411; *Royer's appeal*, 13 Penn. State R. 572; *Raybold* v. *Raybold*, 20 Penn. State R. 308; *Rand* v. *Hubbard*,

4 Met. 256; *Newcomb* v. *Stebbins*, 9 Met. 540; *Stearns* v. *Stearns*, 1 Pick. 156; *Gibson* v. *Farley*, 16 Mass. 280.

*E. Mellen*, for the appellee, cited Com. Dig. Biens G. 1 & 2; *Penhallow* v. *Dwight*, 7 Mass. 34; *Barwick* v. *Mallings*, 2 Hagg. Eccl. 234; *Hillam* v. *Walker*, 1 Hagg. Eccl. 74; *Smith* v. *Sherman*, 4 Cush. 408; *Burroughs* v. *Griffiths*, 1 Lee, Eccl. 544, *Dabbs* v. *Chisman*, 1 Phillimore, 159.

DEWEY, J. In ignorance of the existence of a last will of Susan S. Edwards, letters of administration on her estate were granted to her husband, Thomas Edwards. Subsequently this administration was superseded by the probate of a will, disposing of her estate, and appointing George W. Ela her executor. The questions in the case now before us arise upon the account of administration rendered by Thomas Edwards, and in which are found the charges objected to by the executor.

1. As to the items of charge in this account for expenses incurred in the employment of counsel to oppose the probate of the will, and other expenses connected therewith, we think they should not be allowed. The administrator, as to much that occurred in the progress of the settlement of the estate, might properly be considered as the representative of the heirs and creditors, and, while acting in good faith in prosecuting or defending claims for their benefit, should be fully indemnified for all reasonable expenditures occasioned thereby. But he was not called upon, in the discharge of his official duty as administrator, to employ counsel to oppose the probate of a will of the deceased. That question goes out of his sphere of action, and may affect interests that he does not represent, and money expended by him in opposing the probate of the will is or may be expended adversely to the interest of those who are to enjoy the estate as devisees. Such opposition may be safely left to the heirs at law, personally to protect their interests, if endangered by setting up an instrument purporting to be a will. With the liberal rule generally adopted by this court, as to the refusal to award costs against the party opposing the probate of a will disinheriting the heirs at law, we see no reason in this case for

8*

going further, and charging upon the estate of the testator the expenses incurred in opposing the probate of the will, and more especially so in a case like the present, where the administrator was personally deeply interested as her late husband, and entitled, under the statute of distribution of intestate estates, to her personal estate, if no will was established.

2. As to the charges for expenses in procuring the ancillary administration in New Hampshire, and in indemnifying persons employed to aid in giving effect to the purposes of such ancillary administration, in the collection of debts due from persons resident in New Hampshire : These charges are somewhat questionable, but they were performed in good faith, and were for the benefit of all persons who were to succeed to the estate of the deceased. Thomas Edwards was the principal administrator, Susan S. Edwards being a resident of Massachusetts, and having deceased here. As principal administrator, he was properly the representative of the general creditors, the next of kin and the heirs. *Smith* v. *Sherman*, 4 Cush. 408. As such, although he could not officially act in New Hampshire, yet finding that there were debts there due to his intestate which would eventually pass into his hands for general distribution among the heirs at law, it seems reasonable that the necessary expenditures incurred and paid by him in legally effecting that object should be allowed.

3. As to the charges for services and expenses in the management of the real estate : The administrator may, if the heirs at law do not object, occupy the real estate, accounting for the rents of the same. *Stearns* v. *Stearns*, 1 Pick. 156. The Rev Sts. *c.* 67, § 6, assume that the administrator may in some cases thus occupy the real estate, and direct that he shall account for the income thereof. The case finds that these expenditures were incurred in securing the fruits and crops growing on the place, and taking care of the stock on the farm, with the knowledge of the heirs at law, and without objection thereto on their part, and it also appears that for all the fruits and produce of the farm so secured by him, he has duly charged himself in his account of administration. Upon this state of

the facts, his charges for these expenditures should be allowed him.

The account will be settled conformably to these rulings.